UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MONICA MARIN,**

       **Plaintiff,**

v.                                                          Case No:  6:18-cv-533-Orl-41GJK

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**
_____/

### REPORT AND RECOMMENDATION

Monica Marin (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner"), denying her application for Social Security Disability. Doc. Nos. 1 and 15. Claimant alleges an amended disability onset date of December 9, 2013. R. 47, 281. Claimant's eligibility window for Social Security Disability ran until December 31, 2018. R. 25. Claimant argues that the decision should be reversed because of the following: 1) the ALJ erred when she found Claimant could return to her past work as actually performed because the ALJ failed to develop the mental demands of her past work as an assembler; and 2) the ALJ erred in finding that Claimant's statements regarding her symptoms were not entirely consistent with the medical evidence. Doc. No. 15 at 14-15, 18-20. It is recommended that the ALJ's final decision be **REVERSED.**

### STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla–i.e., the evidence must do

more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as the finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## I.     ANALYSIS.

Claimant makes the following arguments: 1) the ALJ failed to develop the mental demands of her past work as an assembler before finding she could return to it as performed; and 2) the ALJ's credibility determination of Claimant's testimony was not supported by substantial evidence. Doc. No. 15 at 14-15 and 18-20.

### A.     The Claimant's ability to return to her past work.

Claimant testified, and her medical records reflect, that Claimant experiences auditory hallucinations, depression, and periods of self-isolation. R. 51-53; 523, 560, 674-783. Medication improved Claimant's symptoms. R. 29-32; 564, 684, 697, 701, 705, 719, 722, 858, 862.

The ALJ found that Claimant had a mental impairment that caused moderate limitations

in: 1) understanding, remembering, or applying information; 2) interacting with others; 3) concentration, persistence, and pace; and 4) adapting or managing herself.  R. 27-28.  The ALJ relied on opinion evidence from state agency consultants, one examining and two non-examining psychologists.  R. 34.  The ALJ noted Drs. Nunez and Brown, the non-examining consultants, opined that Claimant was "best suited to task-specific occupation[s] with straightforward directives and minimal contact with supervisors, coworkers, or the general public."  R. 34.  The ALJ also noted the examining consultant, Dr. Loret de Mola-Ray, opined Claimant had mild to moderate restrictions of activities of daily living depending on symptom severity.  R. 34.  As noted by the ALJ, Dr. Loret de Mola-Ray also opined Claimant had moderate restrictions in maintaining social functioning and moderate difficulties in concentration, persistence, and pace based on Claimant's self-reported symptoms.  R. 34.  The ALJ also relied on record evidence that medication improved Claimant's auditory hallucinations and depression.  R. 33-34.

>The ALJ found that Claimant had the following residual functional capacity ("RFC"):

>[C]laimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [she co]uld sit 50% of the workday performing tasks; frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but no ladders, ropes or scaffolds; avoid: constant foot controls, work at heights, work with dangerous machinery, constant vibration, and constant temperatures over 90 [degrees] and under 40 [degrees].  Work tasks should be simple, 1-5 steps, learned in 30 days or less, with no interaction with the general public and occasional interaction with coworkers and supervisors.

R. 28. Based on that RFC, the ALJ posed the following hypothetical to the Vocational Expert ("VE"):

>Assume a hypothetical individual who can perform light work as it's defined in the DOT, no more than frequent balancing, stooping, kneeling, crouching, crawling, and climbing ramps and stairs, never ladders, ropes, or scaffolds.  Avoid constant foot controls, work at heights, work with dangerous machinery, constant vibration, constant temperatures over 90 degrees and under 40 degrees Fahrenheit.  Work tasks should be simple one

3

>to five steps, learn in 30 days or less, no interaction with the general public and occasional with coworkers and supervisors. Can this hypothetical individual perform the past relevant work of the Claimant as she performed it or as it's typically performed?

R. 64. The VE testified that Claimant could perform her past work of parts assembler, not as the job is generally performed, but as Claimant performed it. R. 64. The ALJ found that Claimant could perform her past work as a parts assembler as actually performed. R. 35.

Claimant argues this was error because the ALJ failed to develop evidence regarding the mental demands of the parts assembler job. Doc. No. 15 at 14. The Commissioner argues in response that Claimant did not satisfy her burden of proof to demonstrate she could not perform the job based on her mental limitations. Doc. No. 15 at 15-16.

An ALJ has "a basic obligation to develop a full and fair record." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). "This duty generally requires the ALJ to assist in gathering medical evidence, and to order a consultative examination when such an evaluation is necessary to make an informed decision." *Lingenfelser v. Comm'r of Soc. Sec.*, 2017 U.S. Dist. LEXIS 158698, at *41 (M.D. Fla. Sept. 27, 2017) (citing 20 C.F.R. § 404.1512(b)). "There must be a showing that the ALJ's failure to develop the record led to evidentiary gaps in the record, which resulted in unfairness or clear prejudice, before the court will remand a case for further development of the record." *Id.* at *42 (citing *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997)).

The ALJ must determine a claimant's RFC and ability to do past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). The RFC is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). In creating an RFC, the ALJ considers a claimant's ability to "meet the physical, mental, sensory, and other requirements of work[.]" 20 C.F.R. § 416.945(a)(4). "A

4

determination that a claimant can perform her past relevant work, and thus is not disabled, is appropriate where the claimant retains the residual functional capacity to perform the actual functional demands and job duties of a particular past job or the functional demands and job duties of the occupation as generally required by employers throughout the national economy." *Williams v. Astrue*, 2009 U.S. Dist. LEXIS 130299, at *14-15 (M.D. Fla. Jul. 2, 2009) (citing SSR 82-27, at *7).

> The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work. Determination of the claimant's ability to do [past relevant work] requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the *Dictionary of Occupational Titles*, etc., on the requirements of the work as generally performed in the economy.

SSR 82-27, 1982 SSR LEXIS 27, at *6-7.  Thus, Claimant bears the burden of establishing she cannot return to her past relevant work.  20 C.F.R. § 404.1520(e); *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986).

The ALJ may consider the testimony of a VE in determining whether the claimant can perform past relevant work.  *Hennes v. Comm'r of Soc. Sec. Admin.*, 130 F. App'x 343, 346 (11th Cir. 2005)[1]; *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004); 20 C.F.R. § 404.1560(b)(2).  "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Neefe v. Comm'r of Soc. Sec.*, 531 F. App'x 1006, 1007 (11th Cir. 2013) (quoting *Winschel*

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)).  The ALJ is required to pose hypothetical questions that are accurate and that include all of the claimant's functional limitations. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). The ALJ, however, is not required to include "each and every symptom" of the claimant's impairments. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007).

An ALJ must account for limitations of concentration, persistence, and pace in the hypothetical posed to the VE.  *Winschel*, 631 F.3d at 1180-81.  "When medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Neefe*, 531 F. App'x at 1007 (quoting *Winschel*, 631 F.3d at 1180).

The ALJ found Claimant had moderate limitations related to her mental impairments.  R. 27-28.  Claimant's RFC reflected that Claimant could perform a subset of light work that required work tasks that were simple, "1-5 steps, learned in 30 days or less, with no interaction with the general public and occasional interaction with coworkers and supervisors." R. 28.  The ALJ then utilized these criteria in her hypothetical to the VE. R. 64.  The VE testified that Claimant could perform her former job of parts assembler as performed based on her RFC.  R. 64.

Here, Claimant limits her argument to the ALJ's failure to develop the record with respect to any mental demands of her past work. Doc. No. 15 at 13-14.  Claimant fails to suggest what mental demands of her past job were not addressed by the RFC or the VE's testimony.  In other words, there is no indication in the record, or in Claimant's argument, about what was lacking in the RFC or in the VE's testimony as offered.  Because Claimant has the burden to show she can no longer perform her past relevant work and she has failed to identify any record

6

evidence supporting such a finding, the Court finds no error in the ALJ's finding that Claimant can perform her past relevant work. *Reed v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 131184, at *28 (M.D. Fla. Aug. 19, 2013) (where claimant failed to offer specific evidence regarding whether "concentrated exposure to vibration" would occur in performing his past work, ALJ properly relied on claimant's description of his past relevant work in finding claimant could perform such work as it did not involve demands in excess of his RFC assessment). Thus, substantial evidence supports the ALJ's determination that Claimant could return to her past work as a parts assembler where the VE testified Claimant could perform it based upon the functional limitations included in the RFC and Claimant failed to offer any evidence of what other mental demands might exceed the limitations in her RFC.

### B. The ALJ's credibility findings.

Claimant next argues that the ALJ erred in finding that Claimant's statements regarding her symptoms were not entirely consistent with the medical evidence. Doc. No. 15 at 18-20. Specifically, Claimant argues that the ALJ did not consider Claimant's inability to afford her medications and the ALJ cherry-picked evidence of improvement in her symptoms when more recent records provided conflicting evidence with regard to improvement. Doc. No. 15 at 19-20. Commissioner argues that the ALJ's decision was supported by substantial evidence. *Id.* at 20-22.

In the Eleventh Circuit, subjective complaints are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be: 1) evidence of an underlying medical condition, and either 2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition, or 3) evidence that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th

Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote*, 67 F.3d at 1561; 20 C.F.R. § 404.1529.

The ALJ *must* consider "all of the record, including the objective medical evidence, the claimant's history, and the statements of claimant and her doctors." *Costigan v. Comm'r*, 603 F. App'x 783, 786 (11th Cir. 2015) (citing 20 C.F.R. § 404.1529(c)(1)-(2)). The ALJ *may* consider other factors such as:

> (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) any precipitating or aggravating factors; (4) the type, dosage, effectiveness, and side effects of the claimant's medication; (5) any treatment other than medication; (6) any measures the claimant used to relieve her pain or symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions due to her pain or symptoms.

*Costigan*, 603 F. App'x at 787. The ALJ must then consider whether there are any inconsistencies or conflicts between the Claimant's statements and the record evidence. *Id.*

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Foote*, 67 F.3d at 1561. "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Id.* at 1561-62; *see also* SSR 96-7p, 1996 WL 374186, at *2. The ALJ cannot "reject [the claimant's] statements about the intensity and persistence of [the] pain or other symptoms or about the effect [the] symptoms have on [the claimant's] ability to work solely because the available objective medical evidence does not substantiate [the claimant's] statements." 20 C.F.R.

§ 404.1529(c)(2); *see also* SSR 96-7p, 1996 WL 374186, at *1. However, a reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1562.

The ALJ found that Claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but Claimant's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. R. 33. The ALJ relied on: 1) Claimant's improvement in her symptoms of depression and auditory hallucinations when on medication; 2) that Claimant self-reported her auditory hallucinations were absent with medication in April 2016; 3) that during physical examinations at the Orange County Medical Clinic she was alert, cooperative, had a normal attention and concentration span, and her mood and affect were normal; and 4) the lack of corroboration for Claimant's description of the limited nature of her daily activities, and finding her reported limited daily activities were outweighed by other factors. R. 33-34. The ALJ also gave Claimant's roommate's statements some weight, but found her observations about limitations on Claimant's daily living were inconsistent with Claimant's medical records. R. 35; 302-03, 335-42, 349-51, 378-85.

Claimant first argues that the ALJ failed to take into account record evidence that Claimant was unable to afford her medications. Doc. No. 15 at 19. The ALJ found that Claimant's symptoms of depression and auditory hallucinations improved when on medication and that Claimant self-reported her auditory hallucinations were absent with medication in April 2016. R. 35. Specifically, the ALJ found that the "record also showed that the claimant's symptoms of depression and auditory hallucinations increased when she was not taking her medications, but when she was [compliant] with her medication, her auditory hallucinations and depression

decreased." R. 33. However, the ALJ did not discuss or make findings regarding Claimant's inability to afford the medication that improved her symptoms although there is at least one mention in the ALJ's decision of Claimant's noncompliance being caused by an inability to afford her medication. R. 30.

"A medical condition that can reasonably be remedied by surgery, treatment, or medication is not disabling." *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988) (quoting *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987)). However, "a claimant's inability to afford medical treatment excuses non-compliance." *Dawkins*, 848 F.2d at 1212. "Thus while a remediable or controllable medical condition is generally not disabling, when a 'claimant cannot afford the prescribed treatment and can find no way to obtain it, the condition that is disabling in fact continues to be disabling in law.'" *Dawkins*, 848 F.2d at 1213 (quoting *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986)). "If the ALJ substantially relies on a claimant's noncompliance in finding the claimant not to be credible, the ALJ must take into account the claimant's lack of insurance coverage and whether the lack of coverage excuses any noncompliance." *Stone v. Berryhill*, No. 3:16-cv-1588, 2018 WL 1082439, at *8 (M.D. Fla. Feb. 28, 2018) (citing *Dawkins*, 848 F.2d at 1213-14). Thus, when a finding that a claimant is not disabled is "inextricably tied to the finding of noncompliance" the ALJ errs by failing to consider the claimant's ability to afford the prescribed treatment. *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (quoting *Dawkins*, 848 F.2d at 1214).

Here, the ALJ found that Claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms were not consistent with objective medical evidence in part because her symptoms improved while she was on medication. R. 33. Conversely, the ALJ acknowledged that Claimant's symptoms increased in severity when she was not taking her

medication. R. 31, 33. The ALJ noted periods of noncompliance, but the ALJ failed to address Claimant's inability to afford her medication and how that inability affected the intensity and persistence of her symptoms when determining her credibility. R. 31, 33. Claimant argues this was error. Doc. No. 15 at 19.

If Claimant's non-compliance was due to her inability to afford her medication, then Claimant's condition may remain disabling in fact and consequently disabling in law.[2] *Dawkins*, 848 F.2d at 1213 (finding that if there were no reasons for discrediting appellant's testimony unrelated to her non-compliance, claimant would be disabled and entitled to benefits); *see also Stone*, 2018 WL 1082438, at *10-11 (remand required, in part, where ALJ relied on noncompliance to find claimant's symptoms were not as limiting as alleged, but court found it was unclear whether ALJ actually considered claimant's lack of funds related to non-compliance as required under Eleventh Circuit precedent). In this case, the ALJ's failure to address Claimant's inability to afford her medications was error where the ALJ relied on the positive impact medication had on Claimant's symptoms to support the ALJ's discounting of Claimant's credibility as the severity of those symptoms.

Next, Claimant argues that the ALJ essentially cherry-picked evidence of improvement without considering conflicting evidence of continuing symptoms of her depression and auditory hallucinations. Doc. No. 15 at 20. An ALJ must consider the whole record, the ALJ cannot "pick and choose which evidence supports his or her decision while disregarding evidence to the contrary." *Moctezuma v. Comm'r of Soc. Sec.*, Case No. 8:17-cv-380, 2018 U.S. Dist. LEXIS 31348, at *13 (M.D. Fla. Feb. 27, 2018) (citing *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986)); *Meade v. Astrue*, 8:12-cv-287, 2013 U.S. Dist. LEXIS 20794, at *13 (M.D. Fla. Jan.

---

[2] As noted *supra*, the ALJ acknowledged that Claimant's symptoms increased when she was not taking her medication. R. 33.

23, 2013) ("Picking favorable evidence and ignoring unfavorable evidence improperly skews the administrative record.")

The ALJ focused on Claimant's improvement in symptoms when she was properly medicated, as well as the fact that she was alert, cooperative, had a normal attention and concentration span, and her mood and affect were normal citing medical records from an April 13, 2016, visit at the Orange County Medical Center. R. 33 (citing 12F/43 – R. 628). A review of that medical record indicates Claimant was being seen for persistent knee pain, not for her mental impairments. R. 628. Also, as Claimant points out, she still had ongoing symptoms and self-reported on June 28, 2016, that although she was hearing the voices much less they were still present. Doc. No. 15 at 20; R. 858. Claimant also presented with a flat affect and was tearful at the same appointment. R. 858. On November 15, 2016, Claimant reported auditory hallucinations on and off that told her she was worthless. R. 866. Claimant also noted that in 2016 and 2017 record evidence indicated she still suffered from depression, anxiousness, tearfulness, and auditory hallucinations. R. 858, 862, 866, 870.

First, the ALJ again relies on the improvement in Claimant's symptoms with medication but fails to address Claimant's inability to afford the medication. Second, the ALJ seemingly disregards any of the contradictory evidence which would demonstrate that Claimant was still suffering the effects of her depression and hallucinations at the time of the ALJ's noted improvement and continuing thereafter. R. 858, 862, 866, 870.

Here, the ALJ's finding that Claimant could return to her past work is inextricably tied to the ALJ's finding that her symptoms were sufficiently managed with medication. Thus, this matter must be remanded so that the ALJ can determine whether Claimant can afford her medications. If Claimant cannot afford her medications, then the ALJ must determine whether Claimant is able to

work when her depression and auditory hallucinations are not controlled by medication. *See Dawkins*, 848 F.2d at 1214.

## II. CONCLUSION.

For the reasons stated above, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk be directed to enter judgment for Claimant and close the case.

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on February 6, 2019.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Richard A. Culbertson, Esq.
3200 Corrine Drive
Orlando, Florida 32803

Maria Chapa Lopez
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602

Christopher Harris, Chief Counsel, Region IV
John C. Stoner, Deputy Regional Chief Counsel
Susan Story, Branch Chief
Natalie K. Jemison, Counsel, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Pamela Houston
U.S. Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3505 Lake Lynda Dr.
Suite 300
Orlando, Florida 32817-9801